

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0172-21

### DUSTIN AARON HUBBARD, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### MILLS COUNTY

**WALKER, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

With all due respect, I dissent to the Court's decision today to refuse Appellant's petition for discretionary review.

Dustin Aaron Hubbard, Appellant, was charged with delivery of between 1 and 4 grams of methamphetamine. At trial, lab analyst Karen Deiss testified outside the jury's presence that two other analysts at the lab weighed the samples and performed the tests in this case. Deiss then reviewed the lab report, analyzed the test results herself, and made sure that the weights listed in the report correctly reflected the weights from another analyst's lab slip. She and the lab director signed the

report. Deiss agreed with the prosecutor that "part of [her] job involves taking raw data and using that raw data to draw conclusions."[1] She conceded that she did not stand over the analysts and watch them work, but she did look at the results of each machine herself—the raw data—and made sure that "everything on this report [was] correct."[2] She agreed that, in reviewing the raw data, she "personally" looked at "the waves and compare[d] them to the known library," and in doing so, she "reach[ed] [her] own conclusion about what the substance is."[3]

Defense counsel argued that admission of the lab report and Deiss's testimony violated the Confrontation Clause because he did not have "the testimony of the analyst who actually performed the test" and the evidence was testimonial.[4] The trial court overruled the objection.

Deiss then testified before the jury that both samples tested positive for methamphetamine and that the total weight was 3.85 grams. During her testimony, the trial court admitted State's Exhibit 16, the lab report, subject to defense counsel's previous objections.

The jury found Appellant guilty, and the trial court sentenced him to 40 years.

Appellant argued on appeal that the trial court erred in overruling his Confrontation Clause objection as to both the lab report and Deiss's testimony. Specifically, as to the weight of the methamphetamine, he argued:

> Deiss had no personal knowledge about the weight of the methamphetamine and there was no "raw data" she could use to come to her own independent conclusion. She testified that she knew the weight was correct in the report because it was written

---

[1] Rep. R. vol. 4, 104.

[2] *Id.* at 135.

[3] *Id.* at 139.

[4] *Id.* at 142.

down on a lab slip by the analyst who weighed it . . . Deiss confirmed that she had no recollection of seeing the substance weighed, and that she did not reweigh it . . . Appellant was convicted of a more serious crime because of the weight. See Health & Safety Code, § 481.112. He was entitled to confront the absent analyst on that issue.[5]

The court of appeals disagreed and found this case similar to our opinion in *Paredes*. *Hubbard v. State*, No. 07-20-00183-CR, 2021 WL 521212, at \*2 (Tex. App.—Amarillo Feb. 11, 2020) (mem. op., not designated for publication) (citing *Paredes v. State*, 462 S.W.3d 510 (Tex. Crim. App. 2015)). The court of appeals found that, while other analysts conducted the tests, Deiss's report was "derived by independent analysis of raw data generated by a machine." *Id.* The court of appeals concluded that the trial court did not abuse its discretion in overruling Appellant's Confrontation Clause-based objection. *Id.*

## I — The Court of Appeals's Decision Conflicts with *Paredes*

Appellant's petition argues, in his first and second grounds for review, that the court of appeals misapplied *Paredes* in upholding the trial court's admission of both Deiss's testimony on the weight and the lab report. I believe Appellant's argument has merit because Deiss's testimony itself shows it does not meet our rule in *Paredes*.

In *Paredes*, an analyst testified that blood found on the defendant's T-shirt was a DNA match to one of the victims. *Paredes*, 462 S.W.2d at 512. The testifying analyst's opinion was based on her analysis of data complied in a batch process involving three other technicians who performed the different steps in the process of generating raw DNA data. *Id.* at 512–13. We upheld the admission of this testimony against the defendant's Confrontation Clause-based challenge. *Id.* at 519.

In holding that the testimony was admissible, we explained that the expert "performed the

---

[5] Br. for Appellant at 22 (internal citations omitted).

crucial analysis determining the DNA match and testified to her own conclusions." *Id.* at 518. She was not "merely a supervisor who 'checked the boxes' on the lab report." *Id.* Instead, she "relied upon raw, computer-generated data in reaching her conclusion rather than another laboratory analyst's report." *Id.*

In this case, the court of appeals concluded that Deiss's process was like that used in *Paredes*, because:

> It was generated after other analysts performed the legwork of removing a quantum of substance from the baggies and placing it in the machines that conducted the analysis. The process utilized by the machines generates waveforms, which waveforms the machine memorializes and compares to a library of known waveforms. Different drugs have different waveforms and comparing the generated waveforms to the library of known ones identifies the particular controlled substance involved. Rather than simply rely on the machine generated match, Deiss undertook her own comparison of the waveforms generated by the machine to the library of known waveforms. Through it she confirms the accuracy of the machine's assessment, checks the steps undertaken to obtain the waveforms, and executes the ultimate report.

*Hubbard*, 2021 WL 521212, at *2. But this analysis, examining the waveforms and comparing those to known substance patterns, relates not to the weight of the substance, but to the identity of the substance.

For weight, Deiss testified that she did not watch the other analyst weigh the substance, nor did she weigh it herself.[6] Furthermore, the machines that produced the raw data on the identity of the substance are not the same as the machines that measure the weight, because weight was measured using balance scales.[7] One of the other analysts measured the weight, wrote the weight onto a slip, and Deiss's own involvement with the weight consisted of merely comparing the weight from the

---

[6] Rep. R. vol. 4, 125, 134–35.

[7] *Id.* at 102–03.

report the weight written down on the analyst's slip.[8] Insofar as the weight is concerned, Deiss did not "[rely] upon raw, computer-generated data in reaching her conclusion rather than another laboratory analyst's report." *Paredes*, 462 S.W.3d at 518. The weight evidence was brought in through a surrogate.

Under *Paredes*, Deiss's testimony about how much the substance weighed violated Appellant's rights under the Confrontation Clause. The court of appeals's decision conflicts with the rule and the reasoning of *Paredes*, and this a reason to grant Appellant's petition for discretionary review. *See* Tex. R. App. P. 66.3(c).

## II — Error Was Preserved

Perhaps the Court's decision to refuse review is based on a belief that the issue was not preserved for appellate review in the first place. But defense counsel's objection to the trial court clearly told the trial court that he believed Deiss's weight testimony violated Appellant's Confrontation Clause rights:

> She is not the witness that – not the analyst that conducted the test. She didn't – has no recollection of observing the test. She has no recollection of observing the weighing of the materials, but admittedly she wasn't the person that weighed them. And essentially, what she did is review the information developed through testing by other analysts and signed her name to the report.
>
> And so, I don't – I don't – she's a fine woman and a great witness, and I appreciate her being here, but she is a surrogate witness in this case for the actual analysts who performed the tests. And so, my objection would be that substituting her as the witness to sponsor these – these tests denies the Defendant's right to confront witnesses under the guaranteed – under the Sixth Amendment of the U.S. Constitution in that he has the right to cross-examine the actual analysts.[9]

---

[8] *Id.* at 134–35.

[9] Rep R. vol. 4, 144–45.

The judge overruled the objection. Appellant told the trial judge what he wanted and why at a time that the trial judge was in a position to do something about it, and the trial judge did something—overruled the objection. This meets all of the requirements for preservation of error. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); Tex. R. App. P. 33.1(a). Insofar as the weight testimony is concerned, Appellant preserved the Confrontation Clause issue.

This Court should grant review. Because it does not, I respectfully dissent.

Filed: June 30, 2021
Publish